Justice Ginsburg,
concurring in part and concurring in the judgment.
The classification question this case presents can be answered without extended discussion. The parties agree here, as they did in the Court of Appeals, that Idaho’s ban on payroll deductions for political activities violates First Amendment limitations as applied to the private sector. They also agree here, as they did before the Ninth Circuit, that the ban is permissible as applied to state-level government entities. See ante, at 357,362; Tr. of Oral Arg. 4. The sole question posed for this Court’s decision is the appro *365 priate placement of the State’s political subdivisions: For the purpose at hand, should the Court align local-government employment with private-sector employment or with state-level employment?
“Given the relationship between the State and its political subdivisions,” the Court persuasively explains, “it is immaterial how the State allocates funding or management responsibilities between the different levels of government.” Ante, at 364. I agree that, in the context here involved, the Constitution compels no distinction between state and local governmental entities. I therefore join Parts I and III of the Court’s opinion and concur in the Court’s judgment.